IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                     No.  99-30244-DRH

JUAN RIOS,

        Defendant.

## ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Rios' pleading titled "CLAIM FOR EXEMPTION FORM EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)" and request for hearing regarding the same (Doc. 113). Based on the following, the Court denies the motion.

On January 4, 2013, the Court sentenced Rios to a term of 37 months in prison, 3 years supervised release, a $500.00 special assessment, $7,500.00 fine and $308,783.67 in restitution (Docs. 103 & 105). On January 14, 2013, the Clerk of the Court issued a Clerk's Notice of Post-Judgment Execution (Doc. 108).[1]

---

[1] "[D]istrict courts may entertain … and other collection proceedings as post-judgment remedies within an underlying criminal case: nothing precludes the government from initiating a collection proceeding under an existing criminal docket number to collect a fine or a restitution order as part of a criminal sentence." *United States v. Kollintzas*, 501

The notice states that the non-exempt property of Rios is being taken by the United States of America pursuant to the judgment in this case as a balance of $316,783.67 for criminal monetary penalties remains due.  The notice also informs Rios that there are exemptions under law which may protect some of the property if he can show that the exemptions apply.  Further, the notice provided a hearing if Rios notified the Court within 20 days after receipt of the notice.  Rios checked a box that was sent with a notice that states:

Minimum exemptions for wages, salary and other income.  The exemptions under 26 U.S.C.§ 6634(a)(9) do not apply in criminal cases.  The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed.  The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25% of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

(Docs. 108 & 113).  He offers nothing more than this to support his assertion that the exemption applies.

Said motion is denied.  First, the request for hearing is untimely.  The notice was filed January 14, 2013.  Rios did not request a hearing until April 5, 2013 (Doc. 113).  Clearly, his request for a hearing is untimely.  Second, the exemptions that he claims do not apply in this criminal case.

Accordingly, the Court **DENIES** Rios' CLAIM FOR EXEMPTION FORM EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613) and hearing regarding

---

F.3d 796, 800 (7th Cir. 2007) (citations omitted).

the same (Doc. 113).

**IT IS SO ORDERED.**

Signed this 9th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.09 16:05:56 -05'00'

**Chief Judge**
**United States District Court**